# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 11-30957 |
|  | ) |  |
| HOLLY ANNE SEELING | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## MEMORANDUM OF DECISION

Before the Court is the "Trustee's Objection to Debtor's Exemption in an Inherited IRA" (the "Trustee's Objection").  The Court must here decide whether a debtor may employ 11 U.S.C. § 522(d)(12)[1] to exempt an individual retirement account whose proceeds have been inherited – a question that appears to be one of first impression in this Circuit.

## I.  FACTS AND TRAVEL OF THE CASE

The parties have stipulated to all of the relevant facts.

Holly Anne Seeling (the "Debtor") was the named beneficiary of 50% of a Tax Deferred Annuity Account (the "Annuity") maintained by Fidelity Investments on behalf of  Charles Carroll ("Carroll"), pursuant to 26 U.S.C. § 403(b).  On May

---

[1] All references to the "Bankruptcy Code" or to Code sections are to the Bankruptcy Code unless otherwise specified. 11 U.S.C. §§ 101 et seq.

21, 2007, Carroll passed away, leaving the Debtor the designated funds.[2] In light

of Carroll's death, the proceeds of the Annuity were required to be distributed,

and, in 2007, the Debtor requested that the portion she had inherited be rolled

over into an IRA to be maintained by HD Financial Services, a subsidiary of

Wells Fargo & Company, in the name of Carroll for her benefit (the "IRA").[3]

On May 20, 2011, the Debtor filed a voluntary Chapter 7 petition with this

Court.  On her Schedule B—Personal Property, the Debtor listed the IRA and its

then current balance of $52,975.08.  On her Schedule C—Property Claimed as

Exempt, the Debtor claimed an exemption for the full value of the IRA, pursuant

to 11 U.S.C. § 522(d)(12).  The Chapter 7 trustee (the "Trustee") timely objected

to the Debtor's claim of exemption to the IRA and the Debtor timely responded.

After a hearing on the Trustee's Objection, and upon the parties'

assurance that no material facts were in dispute, the Court took the matter under

advisement, ordered the filing of a stipulation of relevant facts and afforded the

parties a further opportunity for briefing.

II.  POSITIONS OF THE PARTIES

The Trustee contends that the IRA does not meet the two requirements

necessary to claim an exemption under § 522(d)(12).  First, the Trustee argues

---

[2] As of June 21, 2007, the balance of the Annuity was $121,660.38, one-half of which the Debtor inherited.

[3] When the Debtor established the IRA, she was required to begin taking the minimum distributions immediately without regard to her age or employment status.  See 26 U.S.C. § 401(a)(9)(B).  The Debtor received distributions in 2008 in the amount of $1,745.25; in 2009 in the amount of $1,161.24; and in 2010 in the amount of $5,755.84.

that the funds held in the Debtor's IRA are not "retirement funds" as contemplated by the statute because the Debtor did not herself contribute the funds for purposes of her own retirement.  Second, the Trustee disputes that the inherited IRA is exempt from taxation under 26 U.S.C. § 408(e), one of the qualifying sections under § 522(d)(12).  Instead, the Trustee asserts that the inherited IRA is exempt from taxation under 26 U.S.C. § 402(c)(11)—a section of the Internal Revenue Code (the "IRC") not included in § 522(d)(12)'s exhaustive list of applicable IRC sections.

The Debtor disagrees.  Citing to the language of § 522(b)(4)(C), the Debtor explains that the direct transfer of funds from the Annuity to the IRA does not disqualify the IRA from exempt status under § 522(d)(12).  To further support this contention, the Debtor cites to other courts who have examined this type of transfer and looked to the character of the account *from which* the funds were transferred and not the other way around.  The Debtor concludes that the IRA met the two requirements for exemption under § 522(d)(12), and does not cease to qualify for the exemption just because the proceeds were inherited rather than earned by the Debtor.

III.  DISCUSSION

The moment a bankruptcy petition is filed, the debtor's bankruptcy estate is created.  A bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  The debtor is, however, entitled to exempt certain property from the

3

bankruptcy estate.  See 11 U.S.C. § 522.  The Debtor here seeks to exempt the full value of the IRA pursuant to § 522(d)(12).  Section 522(d)(12) permits a debtor to exempt from her bankruptcy estate

> [r]etirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

11 U.S.C. § 522(d)(12).  Thus, to qualify for this exemption, the relevant property (1) must constitute retirement funds; and (2) be held in an account exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the IRC.  The validity of a claimed exemption is presumed.  See § 522(l).  Therefore, as the objecting party, it is the Trustee's burden to prove otherwise.  See Fed. R. Bankr. P. 4003(c).


### A.  Retirement Funds

"Retirement funds," as that phrase is used in § 522(d)(12), is not defined in that subsection or anywhere else in the Code.  In such instances, courts look to a term's "ordinary meaning."  Rousey v. Jacoway, 544 U.S. 320, 321 (2005). Merriam Webster's Tenth New Collegiate Dictionary, defines *retirement* as "withdrawal from one's position or occupation or from active working life" and *funds* as "a sum of money or other resources whose principal or interest is set apart for a specific objective" 1000, 472 (10th ed. 1993).  Together, the statutory language simply amounts to a description of money set apart for retirement. That the Annuity was a retirement fund is not in dispute.  However, the statutory language does not specify for *whose* retirement the money must be set apart to

4

qualify for the exemption.  The Trustee maintains that the funds comprising the

Annuity lost their character as "retirement funds" when they were rolled over into

the IRA and no longer "set apart" for *Carroll's* retirement.  The Debtor disagrees,

noting that § 522(d)(12) does not require that the retirement funds originally have

been set apart by the *Debtor* in contemplation of the *Debtor's* retirement, and

pointing out that § 522(b)(4)(C) specifically provides that transfers of this very

type do not disqualify IRAs from eligibility for exemption under § 522(d)(12).[4]

Indeed, the Fifth Circuit Court of Appeals has recently noted that "[m]ost of

the courts that have analyzed this issue have concluded that inherited IRAs are

'retirement funds' as that phrase is used in § 522(d)(12)," In re Chilton, 674 F.3d

486, 489 (5th Cir. 2012) (citing In re Nessa, 426 B.R. 312, 314 (8th Cir. BAP

2010); *accord*, In re Kutcha, 434 B.R. 837, 843-44 (Bankr. N.D. Ohio 2010); In re

Tabor, 433 B.R. 469, 476 (Bankr. M.D. Pa. 2010); In re Thiem, 443 B.R. 832,

843-44 (Bankr. D. Ariz. 2011); In re Weilhammer, No. 09-15148-LT7, 2010 WL

3431465, at *4-*6 (Bankr. S.D. Cal. August 30, 2010); In re Stephenson, 2011

WL 6152960, at *2-*3); See also In re Hamlin, 465 B.R. 863, 872 (9th Cir. BAP

(Ariz.) 2012).  Those cases which have decided otherwise have not survived

appellate review.  See In re Chilton, 426 B.R. 612, 616 (Bankr. E.D. Tex. 2010),

*rev'd*, 444 B.R. 548 (E.D. Tex. 2011), *aff'd*, 674 F.3d 486; In re Clark, 450 B.R.

858 (Bankr. W.D. Wis. 2011), *rev'd*, 466 B.R 135 (W.D. Wis. 2012) (interpreting

---

[4] § 522(b)(4)(C) provides:

> A direct transfer of retirement funds from 1 fund or account that is exempt
> from taxation under section 401, 403, 408A, 414, 457, or 501(a) of the
> Internal Revenue Code of 1986 … shall not cease to qualify for
> exemption under … subsection (d)(12) by reason of such direct transfer.

analogous provision 11 U.S.C. § 522(b)(3)(C)); In re Stephenson, 2011 WL 6152960 (E.D. Mich. Dec. 12, 2011).

This Court finds itself in agreement with what appears to be a consensus. Individual retirement accounts are tax exempt under 26 U.S.C. § 408 and accordingly are exempt under the Bankruptcy Code, pursuant to § 522(d)(12). The Bankruptcy Code requires no forensic analysis in order to determine from where those funds arose. All that the Bankruptcy Code requires is that the funds sought to be invested have been placed in a particular form of a retirement investment vehicle in order to be exempt from taxation. The subject IRA being among the kinds of investment vehicles referenced in § 522(d)(12), there is no statutory basis for imposing additional conditions for its bankruptcy exemption.

### B. Exempt from Taxation

The Trustee further argues that the operative section of Internal Revenue Code which governs the subject IRA is 26 U.S.C. § 402(c)(11)(A)[5] (which is not

---

[5] 26 U.S.C. § 402(c)(11)(A) provides:

> If, with respect to any portion of a distribution from an eligible retirement plan described in paragraph (8)(B)(iii) of a deceased employee, a direct trustee-to-trustee transfer is made to an individual retirement plan described in clause (i) or (ii) of paragraph (8)(B) established for the purposes of receiving the distribution on behalf of an individual who is a designated beneficiary (as defined by section 401(a)(9)(E)) of the employee and who is not the surviving spouse of the employee—
>
> > (i) the transfer shall be treated as an eligible rollover distribution,
> >
> > (ii) the individual retirement plan shall be treated as an inherited individual retirement account or individual retirement annuity (within the meaning of section 408(d)(3)(C)) for purposes of this title, and

referenced in § 522(d)(12)), and not 26 U.S.C. § 408(e).  This Court respectfully

disagrees.  As the Fifth Circuit Court of Appeals explained in In re Chilton, the

transfer *itself* (of funds from one tax exempt vehicle to another) is exempt from

taxation under 26 U.S.C. § 402(c)(11)(A).  Chilton, 674 F.3d at 490.  But, once

transferred, the funds are exempt under § 408(e).[6]  Id.

_____

> (iii) section 401(a)(9)(B) (other than clause (iv) thereof) shall apply
> to such plan.

[6] 26 U.S.C. § 408(e) provides:

> (1) Exemption from tax--Any individual retirement account is exempt from
> taxation under this subtitle unless such account has ceased to be an
> individual retirement account by reason of paragraph (2) or (3).
> Notwithstanding the preceding sentence, any such account is subject
> to the taxes imposed by section 511 (relating to imposition of tax on
> unrelated business income of charitable, etc. organizations)

Included in the statute's definition of an "individual retirement account" are
inherited IRAs.  See 26 U.S.C. § 408(a) ("For purposes of this section, an
'individual retirement account' means a trust created or organized in the United
States for the exclusive benefit of an individual *or his beneficiaries*…") (emphasis
supplied).

IV.  CONCLUSION

The Debtor's IRA meets the two requirements necessary to claim an exemption under § 522(d)(12).  The Trustee has failed to persuade to the contrary.  Accordingly, the Debtor may exempt the full value of the IRA pursuant to § 522(d)(12); the Trustee's Objection is, accordingly, OVERRULED.

An order consistent with the memorandum shall issue accordingly.


DATED:  May 24, 2012                    By the Court,

_____

Henry J. Boroff
United States Bankruptcy Judge